IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. GLOVER, # R-71599, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00563-MJR |
| | ) |
| STEVE GRUNER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff James Glover, an inmate who is currently incarcerated at East Moline Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Steve Gruner, his former work supervisor at Vandalia Correctional Center (Doc. 1). Plaintiff claims that Gruner subjected him to ongoing sexual harassment, racial harassment, and physical assaults from December 2014 until April 2015 (Doc. 1, pp. 4-9). He now seeks monetary relief (*id*. at 10).

This matter is before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

During his incarceration at Vandalia, Plaintiff worked for the correctional industries under the supervision of Steve Gruner (Doc. 1, pp. 4-9). From December 2014 until April 2015, Gruner allegedly made demeaning and sexual comments to Plaintiff in the presence of other inmates on a regular basis. For example, Gruner ordered Plaintiff to call him "Big Daddy," and Gruner referred to Plaintiff as "Big Daddy's love child" (*id*. at 5). Gruner used a red marker to deface Plaintiff's identification card by drawing a wig, lipstick, earrings, breasts, and a bra on his photo. He frequently made sexually suggestive comments to Plaintiff, often in reference to oral sex. This conduct continued through April 2015, when Plaintiff filed a grievance to complain about the ongoing harassment (*id*.).

During this same time period, Gruner targeted Plaintiff for harassment because of his race (*id*. at 5-6). Gruner, who is White, frequently made demeaning comments about African-Americans in the presence of Plaintiff, who is African-American. Gruner referred to African-Americans as "gigs," "gigaboos," "nigga," and "nigger." He sometimes yelled, "Don't shoot, Don't shoot hands up," in reference to the shooting of Michael Brown, an African-American, by a White police officer in Ferguson, Missouri. Gruner allegedly threatened to kill Plaintiff, by stating, "Your [sic] going to make me pull a Ferguson" (*id*. at 6).

Plaintiff also described several physical assaults by Gruner (*id*. at 7-9). According to the complaint, Gruner threw water in Plaintiff's face, placed him in a tight head lock, hit him with snowballs, kneed him in the groin, sprayed him with extremely hot water, punched him in the leg, slapped him in the chest, and placed his hands around Plaintiff's neck (*id*. at 7-8). The assaults were allegedly unprovoked and caused Plaintiff to suffer pain and fear.

Plaintiff complained to Gruner's supervisor, who took no action (*id.* at 8). Instead, Gruner's supervisor told Plaintiff that this was Gruner's way of showing Plaintiff that he liked him. When Plaintiff complained to other prison officials, he received similar responses (*id.* at 9).

In connection with the above-described events, Plaintiff now sues Gruner for sexual harassment, racial harassment/profiling, and physical assault (*id.* at 4-9). He seeks monetary damages (*id.* at 10).

## Merits Review Under 28 U.S.C. § 1915A

Based on the allegations, the Court finds it convenient to divide the *pro se* complaint into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** **Eighth Amendment claim against Defendant Gruner for his sexual and racial verbal harassment of Plaintiff from December 2014 until April 2015.**
>
> **Count 2:** **Eighth Amendment claim against Defendant Gruner for his physical abuse and use of excessive force against Plaintiff from December 2014 until April 2015.**

Both claims are subject to further review against Defendant Gruner. This is not the first time that Plaintiff has asserted these claims in a civil rights action filed pursuant to 42 U.S.C. § 1983 in this district. In 2015, Plaintiff filed a similar action against the same defendant. *See Glover v. Gruner*, No. 15-cv-00632-MJR-SCW (S.D. Ill.) ("prior action"). After screening the complaint in the prior action, this Court allowed Plaintiff to proceed with Counts 1 and 2 against Defendant Gruner (*see* Docs. 1, 8). The Court also allowed Plaintiff to proceed with a retaliation claim (Count 3, prior action) against Gruner (Docs. 1, 35).

However, Plaintiff's claims did not survive summary judgment. All three counts were dismissed without prejudice on April 26, 2016, after the Court determined that Plaintiff failed to exhaust his administrative remedies for each claim before filing the prior action (Doc. 35). Judgment was entered on the same date (Doc. 36).

Plaintiff commenced this action one month later. He chose not pursue his retaliation claim (Count 3, prior action) herein. However, consistent with the screening order entered in the prior action, the Court finds that Counts 1 and 2 survive preliminary review and shall proceed against Defendant Gruner at this time.

### Pending Motion

Plaintiff filed a motion for service of process at government expense (Doc. 3), which is hereby **GRANTED**. Service shall be ordered on Defendant Gruner in the disposition.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2,** and **3** are subject to further review against Defendant **STEVE GRUNER**. The Clerk of Court shall prepare for **STEVE GRUNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 8, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**